**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ARLINGTON JAMISON**<br>*Plaintiff*<br><br>**v.**<br><br>**JOSEPH P. LOPINTO, III, JEFFERSON PARISH SHERIFF'S OFFICE, THOMAS HUTCHISON MANNING, C. FRITTS, S. THOMPSON, C. ESKINE, T. YOUNG, E. HOSLI and ABC INSURANCE COMPANY**<br>*Defendants* | **Civil Action No.:**<br><br>**Judge:**<br><br>**Magistrate Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Arlington Jamison, by and through his undersigned counsel, and for his Complaint against Defendants, Joseph P. Lopinto, III, Jefferson Parish Sheriff's Office, Thomas Hutchison Manning, C. Fritts, S. Thompson, C. Eskine, T. Young, E. Hosli, and ABC Insurance Company, hereby states and alleges as follows:

### JURISDICTION AND VENUE

1.

This action is brought pursuant to 42 U.S.C §§ 1983 and 1988. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

2.

Plaintiff invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over claims arising under the laws of the State of Louisiana, as they arise out of the same case or controversy as the federal claim.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint occurred within the Eastern District of Louisiana.

**PARTIES**

4.

Plaintiff, ARLINGTON JAMISON, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

5.

Made Defendants herein are:

a.  JOSEPH P. LOPINTO, III, in his official capacity as Sheriff of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, and at all material times herein acting in his capacity as Sheriff in the scope of his employment with the Jefferson Parish Sheriff's Office;

b.  JEFFERSON PARISH SHERIFF'S OFFICE, a political subdivision of the State of Louisiana, authorized to do and doing business in the State of Louisiana;

c.  THOMAS HUTCHINSON MANNING, individually and in his official capacity as a deputy of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, and at all material times herein acting in the course and scope of his employment with the Jefferson Parish Sheriff's Office;

The names of the following defendants will be supplemented upon discovery:

d.  C. FRITTS, individually and in his official capacity as a deputy of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern

2

District of Louisiana, and at all material times herein acting in the course and scope of his employment with the Jefferson Parish Sheriff's Office;

e. S. THOMPSON, individually and in his official capacity as a deputy of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, and at all material times herein acting in the course and scope of his employment with the Jefferson Parish Sheriff's Office;

f. C. ESKINE, individually and in his official capacity as a deputy of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, and at all material times herein acting in the course and scope of his employment with the Jefferson Parish Sheriff's Office;

g. T. YOUNG, individually and in his official capacity as a deputy of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, and at all material times herein acting in the course and scope of his employment with the Jefferson Parish Sheriff's Office;

h. E. HOSLI, individually and in his official capacity as a deputy of the Jefferson Parish Sheriff's Office, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, and at all material times herein acting in the course and scope of his employment with the Jefferson Parish Sheriff's Office; and

i. ABC INSURANCE COMPANY, a foreign insurance company authorized to do and doing business within the Parish of Jefferson, State of Louisiana, and at all material times herewith, the liability insurance carrier of Defendants.

**<u>FACTUAL ALLEGATIONS</u>**

6.

3

On or about January 30, 2021, Plaintiff, Arlington Jamison, along with a friend, Mikal Johnson, witnessed what appeared to be an altercation occurring across the street at the property located at 3320 Edenborn Avenue, Metairie, Louisiana 70002. Neither Mr. Jamison nor Mr. Johnson were involved with this disturbance in any way.

7.

Shortly thereafter, several police vehicles from the Jefferson Parish Sheriff's Office arrived on the scene. Mr. Jamison and Mr. Johnson remained on the other side of the street as they observed the deputies deal with the disturbance from a respectful distance.

8.

Mr. Jamison and Mr. Johnson remarked to each other that one of the deputies seemed to be handling the situation with excessive force. A nearby deputy, Thomas Hutchinson Manning, overheard their conversation and instructed the two men to remain quiet.

9.

Another deputy subsequently approached Mr. Jamison and Mr. Johnson and asked Mr. Jamison for identification. Mr. Jamison refused to provide the deputy with identification as is his right under the Fourth Amendment of the Constitution of the United States.

10.

The questioning deputy indicated that he was arresting Mr. Jamison for his refusal to provide identification. Additional deputies began to surround Mr. Jamison. Confused and growing increasingly uneasy by the situation as a young, African American male, Mr. Jamison observed a white deputy moving his hand towards his firearm as he approached.

11.

4

Mr. Jamison saw the deputy put his hand to his firearm. Understandably alarmed by the deputy's conduct, Mr. Jamison attempted to flee in fear for his life.

12.

Deputy Manning, suddenly and without warning, deployed his TASER conducted electrical weapon at Mr. Jamison's back. After Mr. Jamison was struck with the weapon, he fell to the ground and landed on his elbows in an attempt to protect his face.

13.

At that point, the defendant deputies surrounded Mr. Jamison as he was curled up on the ground where they engaged in additional excessive force against him. Mr. Jamison immediately felt a knee on his back and pressure on his neck. One deputy kicked Mr. Jamison in the face while another struck his sides repeatedly. Mr. Jamison shouted for help as he was being beaten and choked.

14.

The deputies forcefully contorted Mr. Jamison's arms behind his back and placed him in handcuffs. The deputies stood Mr. Jamison up and walked him to the police vehicle where he was violently thrown into the backseat. Deputies struck Mr. Jamison from each side of the vehicle as he kicked his feet out trying to push the deputy away so he could sit up.

15.

Once Mr. Jamison was seated in the police vehicle, he provided his name and birthdate and cooperated fully despite having committed no crime that would have justified his seizure and arrest by the defendants. At no point during the arrest was Mr. Jamison informed of the charges against him or read his Miranda rights. The resulting arrest report included a charge for public intoxication

without any deputy having performed a breathalyzer test or any field sobriety tests on Mr. Jamison. The defendant deputies also unlawfully searched Mr. Jamison's vehicle while he was detained.

13.

The defendants' seizure of Mr. Jamison and excessive use of force against him caused various injuries which required medical attention and treatment.

14.

The above-described actions were intentional, malicious, and plainly calculated to violate Mr. Jamison's civil rights and cause him harm. In the alternative, Plaintiff alleges that the above-described actions were reckless and/or negligent.

15.

All defendants acted under color of law when they violated Plaintiff's rights.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment**
**(As to Defendants, Thomas Hutchinson Manning, C. Fritts,**
**S. Thompson, C. Eskine, T. Young, and E. Hosli)**

16.

Plaintiff hereby incorporates by reference all other paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17.

42 U.S.C. § 1983 provides, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

18.

Defendants Thomas Hutchinson Manning, C. Fritts, S. Thompson, C. Eskine, T. Young, and E. Hosli, jointly and severally, deprived Arlington Jamison of clearly established rights secured to him under the Constitution of United States, specifically the Fourth Amendment rights to be free from unreasonable seizures and to be free from the use of excessive force against one's person.

19.

The application of force was disproportionate in the circumstances. Any reasonable police officer would have known that the force being used against Mr. Jamison was unconstitutional.

20.

Defendants' conduct resulted in physical injury to Mr. Jamison. He was admitted to the emergency room at Ochsner Medical Center where he underwent several x-rays and a CT scan of his head. The attending physician diagnosed Mr. Jamison's injuries as a facial contusion and possible concussion and injuries to his chest, back, and right thumb.

21.

Defendants' conduct also resulted in psychological injury to Mr. Jamison. Since his arrest, Mr. Jamison has experienced emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

22.

Defendants' conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

23.

Due to the injuries suffered by Mr. Jamison, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial.

24.

Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by law.

25.

In depriving Mr. Jamison of his rights under the Constitution of the United States, Defendants, Thomas Hutchinson Manning, C. Fritts, S. Thompson, C. Eskine, T. Young, and E. Hosli, acted under color of law in their respective capacities as deputies for the Jefferson Parish Sheriff's Office and their actions were conducted within the scope of their respective duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Failure to Train and Supervise**
**(As to Defendants, Jospeh P. Lopinto, III and Jefferson Parish Sheriff's Office)**

26.

Plaintiff hereby incorporates by reference all other paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.

Defendants, Thomas Hutchinson Manning, C. Fritts, S. Thompson, C. Eskine, T. Young, and E. Hosli, were employed as deputies by the Jefferson Parish Sheriff's Office at all pertinent times herein and acting in the course and scope of their employment. The defendant deputies were acting under color of law and acting pursuant to customs, practices and policies of the Jefferson Parish Sheriff's Office in regards to the excessive use of force authorized and/or ratified by policymakers, specifically Jefferson Parish Sheriff's Office and Sheriff Joseph P. Lopinto, III.

28.

Through the adoption of these customs, practice and policies, the Jefferson Parish Sheriff's Office acted with deliberate indifference to the clearly established rights secured to Mr. Jamison under the Constitution of the United States, specifically the Fourth Amendment rights to be free from unreasonable seizures and the use of the excessive force against one's person.

29.

The failure by Defendants, Jefferson Parish Sheriff's Office and Sheriff Joseph P. Lopinto, III, to properly train and supervise its deputies was the proximate cause of the violation on Mr. Jamison's constitutional rights.

30.

The actions of Defendants, Jefferson Parish Sheriff's Office and Sheriff Joseph P. Lopinto, III, represent a tacit approval of law enforcement officers using their power and position to interfere with the rights of citizens.

31.

Defendants' conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

32.

Due to the injuries suffered by Mr. Jamison, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial.

33.

Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by law.

34.

In depriving Mr. Jamison of his rights under the Constitution of the United States, Defendants Jefferson Parish Sheriff's Office and Sheriff Joseph P. Lopinto, III, acted under color of law in their respective capacities as deputies for the Jefferson Parish Sheriff's Office and their actions were conducted within the scope of their respective duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

**THIRD CAUSE OF ACTION**
**Louisiana State Law Claims for Assault, Battery, and Negligence**
**(As to Defendants, Thomas Hutchinson Manning, C. Fritts,**
**S. Thompson, C. Eskine, T. Young, and E. Hosli)**

35.

Plaintiff hereby incorporates by reference all other paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.

Plaintiff asserts violations of Louisiana state law by the defendant deputies of the Jefferson Parish Sheriff's Office under La. R.S. § 14:33, *et seq.* (battery), La. R.S. § 14:36, *et seq.* (assault), La. Civ. Code art. 2315 (liability for acts causing damages), La. Civ. Code art. 2316 (negligence, imprudence or want of skill), and La. Code Crim. Proc. art. 220 (requiring the use of reasonable force in effecting a lawful arrest).

37.

The actions of these Defendants, as described herein, deprived Plaintiff of his rights under Louisiana state law and caused him the injuries and damages described in this Complaint.

**FOURTH CAUSE OF ACTION**
**Louisiana State Law Claim for Intentional Infliction of Emotional Distress**
**(As to Defendants, Thomas Hutchinson Manning, C. Fritts,**
**S. Thompson, C. Eskine, T. Young, and E. Hosli)**

38.

10

Plaintiff hereby incorporates by reference all other paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.

Plaintiff asserts violations of Louisiana law relative to intentional torts by the defendant deputies.

40.

Defendants acted intentionally, as described herein, to deprive Plaintiff of his rights under Louisiana state law and caused him the injuries and damages described in this Complaint.

41.

As a direct and proximate result of the intentional acts of the defendant deputies described herein, Arlington Jamison has experienced emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

42.

Defendants, Thomas Hutchinson Manning, C. Fritts, S. Thompson, C. Eskine, T. Young, and E. Hosli, engaged in extreme and outrageous conduct and acted maliciously with specific intent to oppress and harm Mr. Jamison or with reckless disregard for the consequences of their actions and omissions.

## JURY DEMAND

43.

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ARLINGTON JAMISON, prays that Defendants be duly cited to appear and answer this Complaint, that they be served copies of the same and that after all due

proceedings and legal delays, there be judgment against Defendants jointly, severally, and *in solido* in favor of Plaintiff for all compensatory and punitive damages alleged herein, together with judicial interest, for reasonable attorney's fees, for all costs of these proceedings and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

_/s/ Allison J. Johnson_
☐ CONNIE P. TRIEU (Bar No. 30312)
☑ ALLISON J. JOHNSON (Bar No. 36207)
**TRIEU LAW, LLC**
1800 Carol Sue Ave., Suite 7
Gretna, LA 70056
Telephone: (504) 301-4525
Facsimile: (504) 301-4683
*Attorneys for Plaintiff*

ct@trieulawfirm.com
aj@trieulawfirm.com